**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.:

**ALICIA RIVERA,**

Plaintiff

v.

**INTEGRITY HEALTHCARE LOCUMS, LLC., a Florida limited liability company,**

Defendant.

---

## COMPLAINT

---

Plaintiff Alicia Rivera ("Rivera" or "Plaintiff") submits the following:

### NATURE OF ACTION

Rivera brings this action for damages as a result of Defendant's discrimination against her on the basis of her disability, and as a result of its retaliation against her in violation of the Americans with Disabilities Act of 1990, Pub. L. No. 101-336, 104 Stat. 328 (1990). Rivera also brings this action for damages as a result of gender discrimination based upon pregnancy in violation of 42 U.S.C. §2000e and C.R.S. 24-34-402(1)(a).

### PARTIES

1. Rivera is a female citizen of the State of Colorado and a member of a protected class of individuals recognized under the Americans with Disabilities Act of 1990, Pub. L. No. 101-336, 104 Stat. 328 (1990).

2. Defendant is a Florida limited liability company doing business in Colorado. It is an "employer" as defined in Title VII, 42 U.S.C. §2000e *et seq.*

-1-

3. Rivera was employed by Defendant during all relevant time periods.

## JURISDICTION

4. Jurisdiction is invoked pursuant to the Americans with Disabilities Act of 1990, Pub. L. No. 101-336, 104 Stat. 328 (1990). This Court has jurisdiction over the federal claims in this action pursuant to 28 U.S.C. §§ 1331 and 1343, and may exercise jurisdiction over the state claims pursuant to its authority under 28 U.S.C. § 1367(a).

5. Venue is proper within this District pursuant to 28 U.S.C. § 1391.

## ADMINISTRATIVE PROCEDURES

6. Rivera has timely and properly exhausted her administrative remedies by filing an initial Charge with the Equal Employment Opportunity Commission (EEOC) on February 11, 2016, based upon grounds of disability discrimination and retaliation.

7. This lawsuit is timely filed within 90 days after Rivera's receipt of a Notice of Right to Sue from the EEOC dated April 18, 2017.

## FACTUAL ALLEGATIONS

8. Rivera incorporates by reference the allegations set forth above.

9. Rivera began work with Defendant on or about February 3, 2015.

10. At all relevant times Rivera's Manager was Anthony Lamb and the CEO/Managing Partner was Tim Deveraux.

11. Rivera has a qualified disability. She has a service dog, "Rock," that accompanied her to work.

12. It was not an undue hardship for Integrity to accommodate Rivera's service dog.

13. On March 18, 2015, nearly a year prior to her termination, Defendant claimed that Rock was aggressive to an individual at the adjacent business. Rivera was removed from the office and escorted out. She was not allowed return to work until she provided "formal" certification that Rock was a service animal.

14. During this removal on March 18, 2015, the building maintenance manager stood in front of Rivera with Lamb and Tim Deveraux. He told Rivera that Rock was not a service animal and that he was just a "pet." He told Rivera that she did not have a disability. Lamb and Deveraux did nothing. Rivera was in tears. Rivera was told to leave or he would call the police on her.

15. Rivera called and complained to the HR department ("ADP HR"), which provided training to all of Defendant's employees, that she had been removed. ADP HR told Rivera that she was not required to provide any certification for her service dog. However, ADP HR did not investigate any complaint.

16. There were no formal complaints or evidence of any aggression on behalf of Rock.

17. Lacey Deveraux, the CEO's wife, was afraid of Rock. She would visibly jump every time she saw him.

18. Three days after March 18, 2015, Rivera returned to work with the certification. She was moved from her desk and relocated to the back of the office. Rivera was isolated from the other employees.

19. Further, Rivera was told that she could no longer use the front entrance of the business. Rivera was the only employee forced to use the rear entrance that had big commercial

doors. Rivera was provided a parking spot close to the rear entrance in order to minimize anyone seeing Rock.

20. The rear entrance was not equipped with a handicap door.

21. In August 2015, Rivera sustained an injury that required her to be on crutches. Rivera was also pregnant at this time. Defendant forced Rivera to continue to use the back entrance even though it did not have handicap or disability accessibility. Rivera had to unlock the rear door herself to enter.

22. On or about December 4, 2015, Rivera inquired about maternity leave. The baby was due in March, 2016. According to the COO and the Employee Handbook, if Rivera made it to her one year anniversary, she would entitled to twelve (12) weeks of unpaid FMLA leave and her commissions during that leave.

23. On or about January 6, 2016, Rivera met with Lamb to go over the commission structure. Rivera gave Lamb her goals and he showed Rivera how to achieve those goals.

24. Rivera never received any written warnings or discipline during her employment.

25. Per policy, if Rivera's numbers were not good enough she should have had a meeting with her manager and given thirty (30) days to perform. This never occurred. Rivera was never told her numbers were not good enough.

26. Rivera was treated differently than other employees. Other employees were warned and given thirty (30) days to improve their numbers.

27. Rivera complained about having to use the back door. Defendant told her that it was the building manager's decision and they could not help her.

28. In January 2016, Rivera was told by Lamb that she was performing satisfactorily and that she had "nothing to worry about" with her job being in jeopardy. Rivera's number were higher than multiple recruiters.

29. Lacey Deveraux continued to complain about Rock throughout Rivera'semployment.

30. On January 15, 2016, Rivera was terminated.

31. Rivera should have received a retention bonus on February 3, 2015. Due to her wrongful termination, Rivera did not receive the bonus that she was entitled.

## FIRST CLAIM FOR RELIEF
### (Disability discrimination-ADA)

32. Plaintiff incorporates by reference the allegations set forth above in Paragraphs 1 through 31.

33. Defendant is an employer as that term is defined under the Americans with Disabilities Act, Pub. L. No. 101-336, 104 Stat. 328 (1990).

34. Rivera is an individual with a disability. See 42 U.S.C. § 12102.

35. Rock is a service animal. See 28 C.F.R. § 36.104.

36. Allowing Rock in the workplace was not an undue hardship.

37. Rock was under Rivera's care, custody and control during her employment with Defendant and his agents on March 3, 2017. See 28 C.F.R. § 36.302(c).

38. Rock is housebroken. See *Id*.

39. Under the ADA, businesses that serve the public generally must allow service animals to accompany people with disabilities in all areas of the facility where the public is normally allowed to go.

40. Rock was, at all times, harnessed, leashed or tethered.

-5-

41. Allergies and fear of dogs are not valid reasons for denying access or refusing service to people using service animals.

42. The regulations specify that only two questions may be permissibly asked of individuals with service animals: "A public accommodation may ask if the animal is required because of a disability and what work or task the animal has been trained to perform." Id. at (c)(6).

43. In addition to injunctive relief, Rivera entitled to recover her reasonable attorneys' fees and costs. See 42 U.S.C. §§ 12188(a)(2), 12205.

44. Defendant has discriminated against Rivera on the basis of disability by adhering to a policy or practice of excluding service animals from its establishment.

45. Defendant and its agents acted intentionally and with a reckless disregard for Rivera's civil rights.

## SECOND CLAIM FOR RELIEF
### (Violations of Colorado Anti-Discrimination Act)

46. Plaintiff incorporates by reference the allegations set forth above in Paragraphs 1 through 45.

47. Section 803, Title 24, Article 34, Colorado Revised Statutes states:

> A qualified individual with a disability has the right to be accompanied by a service animal individually trained for that individual . . . in or on the following places or during the following activities and subject to the conditions and limitations established by law and applicable alike to all individuals: (a) Any place of . . . public accommodation; . . . or (d) Any other place open to the public.

48. Section 804, Title 24, Article 34, Colorado Revised Statutes, in turn, provides:

(1) It is unlawful for any person, firm, corporation, or agent of any person, firm or corporation to:

> (a) Withhold, deny, deprive, or attempt to withhold, deny, or deprive a qualified individual with a disability who is accompanied by a service animal . . . of any of the rights or privileges secured in section 24-34-803;

> (b) Threaten to interfere with any of the rights of a qualified individual with a disability who is accompanied by a service animal . . . secured in section 24-34-803;

> (c) Punish or attempt to punish a qualified individual with a disability who is accompanied by a service animal . . . for exercising or attempting to exercise any rights or privileges secured by section 24-34-803; or

> (d) Interfere with . . . a service animal.

49. The statute continues, "a person who violates the provision of subsection (1) of this section is liable to the qualified individual with a disability who is accompanied by a service animal . . . whose rights were affected for the penalties provided in section 24-34-802." Colo. Rev. Stat. § 24-34-804(3)(a)(I).

50. The CADA also permits successful plaintiffs to recover their attorneys' fees and costs. Colo. Rev. Stat. §§ 24-34-802(3) ("An award of attorney fees and costs pursuant to section 24-34-505.6(6)(b) applies to claims brought pursuant to this section."), 804(3)(b) ("In any action commenced pursuant to this subsection (3), a court may award costs and reasonable attorney fees.").

51. Defendant has discriminated against Plaintiffs on the basis of disability by adhering to a policy or practice of excluding service animals from its establishment.

52. Defendant and his agents acted intentionally and with a reckless disregard for Rivera's civil rights.

53. Rivera has been and will continue to be harmed by the discrimination against her service animal

### THIRD CLAIM FOR RELIEF
### (Retaliation in Violation of Title VII and CADA)

54. Rivera incorporates by reference the allegations set forth above in Paragraphs 1 through 53.

55. Defendant's conduct in subjecting Rivera to the above-described adverse employment actions is in violation of state law and §704 of Title VII, 42 U.S.C §2000e-3(a).

56. The effect of these statutory violations was to deprive Rivera's of rights and privileges enjoyed by persons who have not engaged in activities protected by Title VII and the CADA.

57. These statutory violations were intentional.

58. These statutory violations were willful and wanton, and/or were done with malice or with reckless indifference to Rivera's state and federally protected rights.

59. As a result of the actions of Defendant, Rivera suffered damages.

### FOURTH CLAIM FOR RELIEF
### (Pregnancy Discrimination—C.R.S. 24-34-402(1)(a))

60. Rivera incorporates by reference the allegations set forth above in Paragraphs 1 through 59.

61. Rivera notified Defendant that she was pregnant and inquired about the Employee Handbook policy that granted twelve (12) weeks of paid leave.

62. Rivera was not written up during her employment. Rivera was told she was performing satisfactorily and that her job was not in jeopardy.

63. Rivera was able to perform the duties of her discharge until her termination.

64. Rivera was terminated approximately two (2) weeks before she would have received twelve (12) weeks of paid maternity leave.

65. Rivera's pregnancy and the use of her service dog were motivating factors in her termination.

66. Rivera was not discharged because of her performance.

67. Rivera has sustained damages by the actions of Defendant.

**FIFTH CLAIM FOR RELIEF**
**(Gender Discrimination/Pregnancy 42 U.S.C. 2000e-2(a))**

68. Rivera incorporates by reference the allegations set forth above in Paragraphs 1 through 67.

69. Defendant is an employer as that term is defined under Title VII.

70. Rivera is a female and belongs to a protected class.

71. Defendant willfully and intentionally subjected Rivera to gender discrimination and retaliation.

72. Defendant knew its action violated Title VII or it was recklessly indifferent in that regard.

73. Rivera was discharged from her position due to the fact she was female and pregnant.

74. As a direct and proximate result of the foregoing actions and conduct of Defendant, Rivera has suffered, and will continue to suffer, damages including but not limited to loss of front and back wages, earnings, benefits, insurance premiums, health care costs, diminution of future earning capacity, non-economic damages such as, but not limited to,

mental anguish, inconvenience, attorney fees, costs and expenses, and other damages to be determined at trial. Rivera claims compensatory damages for these losses and injuries under § 102 of the Civil Rights Act of 1991, 42 U.S.C §1981a.

**SIXTH CLAIM FOR RELIEF**
**(Breach of Implied Employment Contract)**

75. Rivera incorporates by reference the allegations set forth above in Paragraphs 1 through 74.

76. Rivera was aware of various policies and procedures throughout her employment.

77. Rivera reasonably understood that the Defendant was offering the written policies and procedures as part of the terms and conditions of her employment, and with that understanding, she continued her employment with Defendant.

78. Rivera performed according to the policies and procedures.

79. Defendant requested and accepted Rivera's performance and knew or should have known that Rivera reasonably expected to receive the retention bonus and the paid maternity leave.

80. As a direct and proximate result of the foregoing actions and conduct of Defendant, Rivera has suffered, and will continue to suffer, damages including but not limited to loss of front and back wages, earnings, benefits, attorney fees, costs and expenses, and other damages to be determined at trial.

WHEREFORE, Rivera respectfully requests that this Court enter judgment in her favor and against Defendant, and award her damages for back pay, front pay and benefits, personal humiliation, severe emotional pain, inconvenience, mental anguish, future pecuniary loss and loss of enjoyment

of life, punitive damages, liquidated damages, penalties, costs, interest and expert fees, attorney's

fees, and such other and further relief as this Court deems proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Respectfully submitted this 23rd day of June, 2017.

Bachus & Schanker, LLC.

_s/ Sara A. Green_
Sara A. Green
1899 Wynkoop Street, Suite 700
Denver, CO 80202
(303) 893-9800
Sara.green@coloradolaw.net
Attorney for Plaintiff